**Nicolaus WENICH and Anna Wenich, Plaintiffs-Appellants,**

v.

**Arbutus A. NEILL, Defendant-Respondent.**

**No. WD 32986.**

Missouri Court of Appeals, Western District.

March 1, 1983.

Kenneth L. Gottschall (argued), Kansas City, for plaintiffs-appellants.

Steven W. White (argued), Desselle & White, Independence, for defendant-respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

Plaintiffs appeal from a judgment for defendant in a judge-tried case asking for damages to their automobile resulting from the collision of defendant's car with plaintiffs'. We reverse and remand for new trial.

On September 30, 1979, plaintiff Nicolaus Wenich was driving westerly on Lexington Street in Independence, Missouri, close to the center line. Defendant was also driving westerly on Lexington, but in the curb lane.

**594**

Both drivers were just west of Crysler Street, which was blocked off to the south due to construction work, and were approaching Fuller Street which intersects Lexington from the south. At that time, Fuller served as the detour route for Crysler, as indicated by a sign on Lexington. In this area between Fuller and Crysler, Lexington Street is in a business district.

Defendant, intending to turn left on to Fuller Street, turned from the curb lane of Lexington to the center lane, hitting plaintiffs' car on the right and forcing it into the eastbound lane. Plaintiffs' car sustained moderate damage.

Plaintiffs presented evidence of these events at trial and at the close of their evidence, defendant moved for a directed verdict and offered the court a certified copy of ordinance § 18.536(3) of the city of Independence which provides:

3. The driver of an overtaking motor vehicle, when traveling outside of a business or residence district and under other conditions when necessary to insure safe operation, shall give audible warning with his horn or other warning device, before passing or attempting to pass a vehicle proceeding in the same direction.

The court agreed with defendant that the ordinance imposed a duty on Mr. Wenich to sound his horn when driving by the defendant's vehicle and that his failure to do so constituted contributory negligence and barred any recovery. The motion for directed verdict was sustained.

Although the parties raise a number of issues related to whether negligence can be presumed from the violation of the ordinance, we find it necessary to reach none of these issues and reverse solely on the basis that the trial court erred in applying ordinance § 18.536(3) to this case.

We note first that we are highly skeptical as to whether the evidence indicates a "passing" within the meaning of the ordinance. On the contrary, Mr. Wenich's testimony supports an inference that the two vehicles were moving parallel to each other, neither overtaking the other. If this ordinance were to be interpreted to require all drivers to sound their horns as they drive parallel to other vehicles, our streets would resound with honking, warning no one of anything.

Be that as it may, the ordinance is not applicable here simply because it applies, on its face, only to drivers outside of a "business or residence district" and even then, only when the sounding of a horn is "necessary to insure safe operation." The parties agree that this is a business district and hence, the ordinance does not apply. Defendant's arguments before the trial court suggest that she reads the ordinance as if it said "or" rather than "and", applying to drivers *either* outside a business or residential district *or* under other conditions when necessary. Assuming arguendo that this is correct, driving parallel to another car under conditions entirely normal except for the presence of a detour route ahead does not constitute "conditions when necessary to insure safe operation." Nothing about the situation indicated a hazard. At best, the detour may have put drivers on notice that more traffic than usual would be turning left on Fuller. Nothing about that knowledge indicated an unsafe condition.

Accordingly, we hold that ordinance § 18.536(3) is not applicable here and that, therefore, plaintiff had no duty to honk as he drove by defendant's car. Because the trial court's ruling constituted a misstatement of the law, a reversal is warranted under the dictates of *Murphy v. Carron,* 536 S.W.2d 30 (Mo.1976) (en banc).

Accordingly, we reverse the judgment and remand this cause for new trial.

All concur.